STATE v. M. H. HOLMES.

*Assault and Battery—Excessive Punishment—Resisting Special Police Officer.*

1. An act authorizing the mayor of a town "to appoint special policemen for the protection of property and the preservation of the peace" does not give the mayor power to appoint policemen generally and for an indefinite time, but only to place on duty, at extraordinary times and on unusual occurrences and occasions, special policemen to aid the regular policemen to meet the extraordinary needs of such occasions.

2. Where one was indicted for simple assault and battery upon one who, at some time previous, had been appointed a special policeman, and was acting as such at the time of the assault, but there was no evidence to show that there were any unusual circumstances requiring his appointment, the infliction of a punishment of six months' imprisonment in the county jail was excessive and unwarranted, the assault being a simple one and not the aggravated offence of resistance to a public officer.

INDICTMENT for assault upon a special policeman of the town of Clinton, while in the lawful discharge of his duty. The defendant was convicted and sentenced to imprisonment in the county jail for six months, and appealed.

*The Attorney General, Messrs. Henry E. Faison* and *Shepherd & Busbee,* for the State.

No counsel, *contra.*

MONTGOMERY, J. : The indictment charges the defendant with a simple assault and battery upon one Killett, and that the latter was a special policeman of the town of Clinton, and in the discharge of his duty at the time of the assault. He was convicted by the jury and sentenced by

118—76

the court to imprisonment for six months in the county jail. We presume that this sentence was under the Act of 1889, Ch. 51, which is an act to punish resistance to a public officer, and to make such resistance a misdemeanor, without limiting the punishment. The State relied on Section 3, Ch. 90, Acts 1883, with the testimony of Killett and the mayor, to show that Killett was a constable of the town at the time of the alleged assault. The Section of the Act of 1883 referred to reads as follows: " The mayor of said town shall have the right to appoint special policemen for the protection of property and the preservation of the peace." This language cannot be construed to mean that the mayor had the power to appoint policemen generally, the appointment to be indefinite as to the duration of time, in addition to the proper number of policemen employed and appointed by the regular town authorities. It must mean that the mayor's power extends only to the placing on duty, at extraordinary times and on unusual occurrences and occasions, a special police force in addition to the regular force, in order that the needs of such unusual times and occasions may be fully met.

The testimony in this case shows neither such occcasion nor such need, nor such appointment by the mayor. The verdict cannot stand, and the case will be sent back for a reformation of the judgment in respect to the punishment imposed by the judge, it being beyond his power to inflict for a simple assault and battery ; for the reason that, upon a trial for a simple assault, the principles of the law which apply in cases of resistance to public officers are not the same as those which apply to a simple assault and battery, for which the defendant in this case is indicted. The defendant is entitled to a new trial.

New Trial.